## Werner, Appellant, *v.* Armour & Company.

Argued January 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Louis Sherr*, with him *Albert H. Wernick*, for appellant.

*William N. J. McGinniss* and *Foulkrod, Sheppard, Porter & Alexander*, for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, January 31, 1936:

Plaintiff alleged negligence in that the defendant failed to use proper precaution and care in handling liverwurst and in permitting glass to enter it before delivery to the restaurant where it was served to her in a sandwich. Defendant was not sued because it was a manufacturer. Therefore, our case Rozumailski v. Phila. Coca-Cola B. Co., 296 Pa. 114, has no application. We there held that where a food product is sold in the original container and the attending circumstances preclude the possibility that third parties might have introduced foreign substances into it, the manufacturer is liable for harmful effects caused by such substances, and that proof of injury resulting from them, without more, is sufficient to take the case to the jury.

Appellant's case is more analagous to Madden v. Great Atlantic & Pacific T. Co., 106 Pa. Superior Ct. 474, but there the defendant, while not a manufacturer, had exclusive control over the packing and disposal of the tea from the moment of importation until it was sold to the consumer who was injured by its use.

Appellant excluded neither the possibility that the glass might have been in the liverwurst before the defendant company came into its possession, nor after it

had been sold to the restaurateur, and this burden of proof, to establish a prima facie case, was hers. We might dispose of this case on this ground alone. But, when the action was tried, the only evidence as to who had possession of the article at the time it was delivered to the restaurateur was "Armour." There was no other identification of the defendant than this word. The defendant was a corporation and there should be a specific identification of it and its connection with the product that injured plaintiff. Appellant utterly failed to establish any liability of Armour & Company through her testimony. See Burford v. McCue, 53 Pa. 427, 431.

Judgment affirmed.